### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

v.                                        Case No.:      3:09cr11/RV

**MARCUS SCHRENKER**

### GOVERNMENT'S SENTENCING MEMORANDUM

COMES NOW, the United States of America, by and through the undersigned Assistant United States Attorney, and files this Sentencing Memorandum in response to the defendant's Sentencing Letter dated August 14, 2009.

### COURSE OF PROCEEDINGS

1.      The defendant is scheduled to be sentenced by this Honorable Court on Wednesday, August 19, 2009 at 10:00 am.

2.      On July 20, 2009, a pre-sentence report was disclosed to the defendant and the United States. In said pre-sentence report, the defendant's base offense level was calculated at 24 pursuant to United States Sentencing Guideline (U.S.S.G.) §2K1.4(a)(1). (¶ 32). Two (2) points were then deducted pursuant to U.S.S.G. §3E1.1(a) for acceptance of responsibility, resulting in a total offense level of 22 and an advisory guideline range of 41 to 51 months imprisonment. (¶¶ 38, 41 and 89).

3.      On August 4, 2009, the defendant filed objections to the pre-sentence

report with the United States Probation Office.  In his letter to probation, the defendant raised two (2) substantive objections.  The defendant's first objection concerned the use of U.S.S.G. §2K1.4(a)(1) to calculate the defendant's base offense level at 24.  The defendant's second objection concerned the restitution amount identified for the defendant's aircraft as provided by Harley Davidson Credit Corporation (HDCC) in paragraphs 25 and 103 of the pre-sentence report.

4. On August 12, 2009, the government filed a response to the defendant's objections with probation.

5. On that same day, the United States Probation Office prepared a revised pre-sentence report.  As stated in the revised pre-sentence report, the objections raised by the defendant remain unresolved and will require findings by this Court.

6. On Monday, August 17, 2009, the undersigned received a letter defense counsel sent to the Court on Friday, August 14, 2009.  It is in response to the defendant's objections/positions/views concerning the pre-sentence report in his letter that the government files this sentencing memorandum.  At the time of sentencing or by separate pleading, if time permits, the government will respond to the defendant's suggestion that a downward departure or variance be entered by the Court.

## MODIFICATION TO PRE-SENTENCE REPORT

1. While reviewing the defendant's Sentencing Letter to the Court and preparing the government's response, the undersigned noticed an applicable guideline enhancement warranting an upward adjustment that was inadvertently overlooked by

both the undersigned and probation, that is, U.S.S.G. § 3B1.3, Abuse of Position of Trust or *Use of Special Skill. (emphasis added.)*. Immediately upon noticing this oversight, the undersigned notified probation and defense counsel.

2. Section 3B1.3 of the U.S.S.G. in relevant part provides,

> If the defendant abused a position of public, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense, increase by 2 levels.  This adjustment may not be employed if an abuse of trust or skill is included in the base offense level or specific offense characteristic . . .

"Special skill" is defined in Application Note 4 which provides that a, "'Special skill' refers to a skill not possessed by members of the general public and usually requiring substantial education, training or licensing.  Examples would include *pilots*, lawyers, doctors, accountants, chemists, and demolition experts." (*emphasis added*.)

3. In light of the aforementioned, the government submits that U.S.S.G. §3B1.3 clearly applies to the defendant's case and the pre-sentence report should be modified to so reflect.

### RESPONSE TO DEFENDANT'S OBJECTION TO USE OF U.S.S.G. §2K1.4 IN THE PRE-SENTENCE REPORT

1. In the defendant's August 14th letter to the Court, he first claims that U.S.S.G. §2B1.1 should be used to calculate the defendant's base offense level instead of U.S.S.G. §2K1.4.  In support of his position, the defendant cites *United States v. Davis*, 202 F.3d 212 (4th Cir. 2000).  Although the Fourth Circuit Court of Appeals does not cite any authority or provide any reasoning for its conclusion, the court clearly states that

U.S.S.G. §2K1.4 "is only appropriate for application . . . if a 'use of explosives' was involved . . ." *Id*. at 218.

2. Therefore and in light of *Davis*, the government defers to the Court to decide whether to use U.S.S.G. §2B1.1 or §2K1.4(a)(1) to calculate the defendant's base offense level.

3. A summary of the guideline calculation is provided below depending upon which guideline this Honorable Court chooses to use and in light of the application of U.S.S.G. §3B1.3.

|  | **U.S.S.G. §2K1.4(a)(1)** | **U.S.S.G. §2B1.1** |
|---|---|---|
| ¶ 32 - Base offense level | 24 | 7 |
| ¶ 34 - Specific offense characteristics | | |
| (b)(1)(H) - More than $400,000 | -- | +14 |
| (b)(13)(A) - Conscious or reckless risk of death or serious bodily injury | -- | +2 |
| ¶ 35 - Adjustment for role in offense | | |
| §3B1.3 - Use of special skill | +2 | +2 |
| ¶ 37 - Adjusted offense level (subtotal) | 26 | 25 |
| ¶ 38 - Adjustment for acceptance | -2 | -2 |
| ¶ 39 - Total offense level | 24 | 23 |

Therefore, if the Court uses U.S.S.G. §2K1.4(a)(1), the defendant's advisory guideline range will be 51 to 63 months and if the Court uses U.S.S.G. §2B1.1, the defendant's

advisory guideline range will be 46 to 57 months.

## RESPONSE TO DEFENDANT'S OBJECTION TO GUIDELINE'S LOSS AMOUNT AND RESTITUTION LOSS AMOUNT

1.	After reading the defendant's letter and the attachment thereto, that is, an email to Ms. Penny Francisco, it appears as though all parties are now in agreement that the total loss amount for the aircraft itself should be the total amount owed on the loan as of January 11, 2009, $956,387.85.  When ordering restitution for the loss of the aircraft itself, this figure should be reduced by $85,000 which represents the salvage value for the aircraft according to Patrick Montgomery, Senior Litigation Supervisor, handling the insurance claim for the aircraft.

2.	As previously explained, since the defendant's destruction of the aircraft, HDCC filed a claim with U.S. Specialty Insurance Company Insurance (U.S. Specialty) for the amount the aircraft was insured for by U.S. Specialty, that is, $850,000.  Currently, HDCC and U.S. Specialty are engaged in litigation over whether the claim will be paid by U.S. Specialty because the loss was due to an intentional criminal act by the defendant.  *See U.S. Specialty Insurance Company, a Texas Corporation vs. Heritage Wealth Management, Inc., an Indiana Corporation and Harley Davidson Credit Corporation, d/b/a Eaglemark, a Nevada Corporation,* 1:09-cv-00475-WTL-TAB, United States District Court for the Southern District of Indiana, Indianapolis Division.

3.	Therefore, and in light of the apparent agreement between the parties, unless the defendant raises some other objection at the time of sentencing, the

government submits that the defendant should be ordered to pay $871,387.85 in restitution for the aircraft. The government further submits that restitution should be ordered in the following manner: in the event U.S. Specialty prevails in the above identified litigation - $871,387.85 to HDCC; and in the event HDCC prevails in the above identified litigation - $756,500 to U.S. Specialty and $114,887.85 to HDCC.

WHEREFORE, the United States respectfully files this Sentencing Memorandum in response to the defendant's Sentencing Letter dated August 14, 2009.

Respectfully submitted,

THOMAS F. KIRWIN
Acting United States Attorney

*/s/ Tiffany H. Eggers*
TIFFANY H. EGGERS
Assistant United States Attorney
Florida Bar No. 193968
21 East Garden Street, Suite 300
Pensacola, Florida 32502-5675
(850) 444-4000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the forgoing motion and memorandum has been furnished via CM/ECF to Thomas Keith, counsel for defendant, this 18th day of August, 2009.

*/s/ Tiffany H. Eggers*
TIFFANY H. EGGERS
Assistant U.S. Attorney